**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| 3371 Reading, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:22-cv-00062 |
| Liberty Mutual Group, Inc., *et al.*, | : | Judge Timothy S. Black |
| Defendants, | : | |
| v. | : | |
| Camargo Insurance Agency, Inc. | : | |
| Third-Party Defendant. | : | |

## THIRD-PARTY COMPLAINT

Now come Liberty Mutual Group, Inc. ("Liberty") and The Ohio Casualty Insurance Company ("Ohio Casualty"), collectively "Defendants", by and through counsel, and assert a Third-Party Complaint against Camargo Insurance Agency, Inc. ("Camargo") as follows.

While Liberty joins Ohio Casualty in this Third-Party Complaint, Liberty denies that it is a proper party to this action, as Liberty neither issued the insurance policy under which this claim is asserted nor adjusted the insurance claim.

### Parties and Jurisdiction

1. Defendants have been sued in this lawsuit by 3371 Reading, LLC ("Plaintiff").

2. Camargo is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

3. This Court has personal jurisdiction over Camargo.

**4.** This Court has supplemental jurisdiction over the claims asserted herein.

## **Background Facts**

5. Plaintiff initiated this lawsuit against Defendants in connection with a fire ("the Fire") at a commercial property located at 3371 Reading Road in Hamilton County, Ohio ("the Property") which was under construction on the date of the fire.

6. Ohio Casualty issued a builders risk insurance policy bearing policy number BMO (21) 62 48 02 92 ("the Policy") for the Property.

7. Plaintiff asserted a claim ("the Claim") under the Policy for damage to the Property from the Fire.

8. Ohio Casualty denied the Claim pursuant to a Protective Devices Endorsement within the Policy which, in conjunction with a Protective Devices Schedule, required Plaintiff to maintain at all times during the period of the Policy a fence of not less than six feet in height around the jobsite at the Property, with no openings unless gated, closed and locked.

9. Plaintiff asserts in this lawsuit that Defendants breached the Policy by denying the Claim and that Defendants acted in bad faith in doing so.

## **The Producer Agreement**

10. For purposes of the Policy, and more broadly, Camargo is Plaintiff's insurance agency.

11. Liberty Mutual Insurance Company and Camargo are parties to a Liberty Mutual Commercial Insurance Producer Agreement ("Producer Agreement"), a copy of which is attached hereto as Exhibit A.[1]

12. Defendants are beneficiaries of the Producer Agreement.

13. The Policy was produced under the Producer Agreement.

[1] Exhibit A contains both the template of the Producer Agreement as well as Camargo's execution of the same.

14. The Producer Agreement governs the relationship between Defendants and Camargo in connection with the Policy and Plaintiff's claims against Defendants in this lawsuit.

15. Pursuant to the Producer Agreement, Camargo agreed to "indemnify, protect, and hold [Defendants] harmless from and against any and all civil liability, and all claims, losses, damages, costs, and expenses, including court costs and reasonable attorneys' fees related thereto, arising out of or incurred by reason of any error or omission on the part of you, your directors, officers, agents, or employees in placing business pursuant to or carrying out the terms and conditions of this Agreement, except to the extent such error or omission was caused or contributed to by us." (Ex. A, p. 4, ¶V.A.)

**Count I - Contribution and Indemnification**

16. Defendants incorporate by reference the preceding allegations of this Third-Party Complaint.

17. To the extent Defendants have civil liability to Plaintiff, that civil liability is the result of one or more errors or omissions on the part of Camargo and/or its directors, officers, agents, or employees in placing business pursuant to or carrying out the terms and conditions of the Producer Agreement.

18. To the extent Defendants have civil liability to Plaintiff, Defendants did not cause or contribute to the errors or omissions of Camargo and/or its directors, officers, agents, or employees.

19. To the extent Defendants have civil liability to Plaintiff, Camargo obligated to indemnify, protect, and hold Defendants harmless in connection with the same, or Camargo is obligated to otherwise contribute to the same.

20. Camargo's obligation to indemnify Defendants includes reimbursing Defendants for their costs, expenses, and reasonable attorneys' fees related thereto.

WHEREFORE, Defendants demand judgment against Camargo in the amount of any civil liability entered in Plaintiffs' favor against Liberty or Ohio Casualty, plus Defendants' costs, expenses and reasonable attorneys' fees.

Respectfully submitted,

*/s/ William M. Harter*

William M. Harter (0072874)
Caitlin E. Vetter (0090665)
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, OH 43215
614-464-1211 / 614-464-1737 (Fax)
wharter@fbtlaw.com / cvetter@fbtlaw.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On this 1st day of April, 2022, a true and accurate copy of the foregoing was filed with the Court and served via ECF on all counsel of record.

*/s/ William M. Harter*

William M. Harter (0072874)

0000T69.0750346 4859-9006-3896v1